ANNA SKINKLE ALLEN ET AL. v. COMMISSIONERS OF TAXATION FOR THE TOWNSHIP OF BERNARDS ET AL.

GEORGE B. POST ET AL. v. COMMISSIONERS OF TAXATION FOR THE TOWNSHIP OF BERNARDS ET AL.

1. By force of our constitutional provision, requiring the object of every law to be expressed in its title, the title limits the sphere within which the enacting clauses can operate.

2. Under the Commissioners of Taxation act (*Rev. Sup.*, p. 614), the power of the commissioners is confined to cases where the local authorities or officers were bound by law to provide for the performance of those public duties to which the title refers, and they have failed so to do.

3. Where the amount to be raised for the discharge of those public duties is by law committed to the discretion of the local authorities, and they have lawfully exercised their discretion, commissioners of taxation have no power to change the amount so ordered.

4. The rule of statutory construction that language, which will have full force if applied to the future only, shall not have retroactive effect, governs in the interpretation of the title as well as of the enacting clauses.

5. Chapter XLVI. and chapter LV. of the acts of 1894 are not intended to legalize taxes levied by a body having no authority to impose them.

On *certiorari*.

Argued at June Term, 1894, before Justices DIXON, REED and ABBETT.

For the prosecutors, *Craig A. Marsh* and *Frank B. Allen*.

For the defendants, *Richard V. Lindabury*.

The opinion of the court was delivered by

DIXON, J. By these *certioraris* the prosecutors seek to set aside certain taxes levied upon them in the year 1893, by commissioners appointed by the governor of the state in pursuance of an act passed March 20th, 1884, having the following title: "An act to provide for and secure the raising of

revenue for the execution of the public duties of maintaining public schools, preventing the destruction of property by fire, preserving the public health, supporting the poor, maintaining police and keeping the highways and streets in a safe condition for public use within the limits of incorporated cities, towns and municipalities, in cases where the local or municipal authorities or officers fail to provide for the performance of such duties." *Rev. Sup., p.* 614.

By force of our constitutional provision, requiring the object of every law to be expressed in its title, the title limits the sphere within which the enacting clauses can operate. *Hendrickson* v. *Fries,* 16 *Vroom* 555, 563; *Dobbins* v. *Northampton,* 21 *Id.* 496. Hence, under the title above recited, the provisions of the act for the raising of revenue must be confined to cases where the local or municipal authorities or officers have failed to provide for the performance of those public duties to which the title refers. Public duty resting upon the local authorities and failure to discharge it, form a condition precedent to the exercise of power by the commissioners whom the governor appoints. *Reid* v. *Wiley,* 17 *Vroom* 473.

With this guiding principle, we come to consider the case before us.

At the annual meeting of the inhabitants of Bernards township, in Somerset county, held March 14th, 1893, the sum of $1,200 was ordered to be raised by tax for the support of the poor, $4,000 for roads and $500 for removing snow. It is not questioned that there were the proper township officers for assessing and collecting taxes to meet these appropriations, and that they were regularly proceeding with the execution of those duties. On August 26th, 1893, the commissioners appointed by the governor resolved to levy on the taxable property in the township, $2,000 for the protection and maintenance of the public health, $3,300 for the maintenance and support of the poor, $324 for the support and maintenance of a police force, $14,000 for keeping the highways and streets in a safe condition for public use, and $1,700 for the

expense of assessing and collecting such taxes and to meet deficiencies. These sums were accordingly levied by the commissioners, and the prosecutors complain of so much as is charged against them beyond their due share of the sums voted at the town meeting.

We think it cannot be held that there was any failure on the part of the local authorities to provide for supporting the poor or keeping the highways in safe condition. Under the General Township act (*Rev., p.* 1191, § 11) the amount to be raised for these purposes in each township is determined by the vote of the town meeting. As in every township there are roads to be maintained and paupers to be cared for, it is doubtless incumbent on the town meeting to vote money for these objects, but when such a vote has been lawfully and honestly taken, we cannot say that there has been any failure to discharge public duty in these respects. Our judgment is that the authorities of Bernards township had performed their duty in relation to the poor and the roads of the township, and consequently that the commissioners of the governor had no power to levy taxes for these purposes.

For a somewhat different reason they were likewise unauthorized to levy taxes for the support of a police force. There was at the time of their action no police force in the township, nor had there been at any town meeting any vote to employ a police force or to raise money therefor. Whether a police force should be employed is a question which the law submitted to the discretion of the voters in each township (*Rev. Sup., p.* 1142, ¶¶ 74, 76), and without such a vote there was no delinquency to be supplied by the appointment or action of commissioners.

Chapter LXVIII. of the laws of 1887 (*Pamph. L., p.* 80, § 10) requires that there shall be a board of health in every township of this state, and an examination of the numerous statutes prescribing the duties of such boards indicates that their duties cannot be properly discharged without the expenditure of money. It was therefore the duty of the voters at the town meeting in Bernards to provide for raising the funds

20

necessary to meet this probable expenditure, and their failure to do so furnished a legal occasion for the resolution of the commissioners that $2,000 should be levied for the protection of the public health. With this levy, therefore, we cannot interfere.

The other levy ordered by the commissioners is for $1,700 to meet the expense of assessing and collecting the taxes imposed by them, and to meet deficiencies. Although this object is not expressly mentioned in the title of the act, yet it is incidental to the object there declared (*Payne* v. *Mahon*, 15 *Vroom* 213) and is within the enacting clauses. A levy for such a purpose is therefore legitimate. But the statute limits the amount therefor to ten per cent. of the sum required to be raised, *i. e.*, lawfully levied by the commissioners for other purposes, and consequently according to the views already expressed, the $1,700 must be reduced to $200.

The legislature in 1894 passed two statutes on which the defendants rely in vindication of the assessments under review. One of these is a supplement of the act we have been considering (*Pamph. L.* 1894, *p.* 67), the other is a supplement to "An act authorizing the incorporated cities, towns and townships of this state to renew matured and maturing bonds." *Pamph. L.* 1894, *p.* 57. But neither of these supplements reaches the desired end. In the first place there is nothing in the title of either of them to suggest that their provisions are to have retroactive operation, and under a well-settled rule of statutory construction such a purpose is not implied in language which has full force if applied to the future only. *Williamson* v. *New Jersey Southern Railroad Co.*, 2 *Stew. Eq.* 311, 333; *Citizens' Gas Light Co.* v. *Alden*, 15 *Vroom* 648, 653. Such language in the title of an act cannot be said to express a design to validate past transactions. Secondly, these supplements do not purport to legalize taxes levied by a body having no authority to impose them. Their professed aim is solely to cure irregularities and excesses in the acts of competent officers.

Whether the legislature can by a retrospective statute give validity to property taxes previously levied in particular localities by persons not clothed with power to impose such taxes, we need not now decide. Such legislation seems closely akin to, if it be distinguishable from, a special law for the assessment of taxes on property, which the constitution forbids.

So much of each prosecutor's tax as is in excess of his quota needed to raise the $5,700 voted at the town meeting, and the $2,200 lawfully levied by the commissioners, is illegal and must be set aside.