GEORGE D. KREIGH v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

Submitted March 28, 1898—Decided June 13, 1898.

1. Under its title the Veteran act of March 31st, 1897 (*Pamph. L., p.* 142), cannot extend to persons not employed "in the public service of the State of New Jersey," and its clauses relating to the cities, counties, towns and villages of the state are inoperative.
2. A person employed by a board of chosen freeholders to work as a carpenter, at daily wages, about the county court-house, under the direction of the county superintendent, does not hold "an office" or "a position," within the purview of the Veteran act of March 14th, 1895. *Gen. Stat., p.* 3702.

---

On application for *mandamus.*

Before Justices DIXON and COLLINS.

For the relator, *Thomas McEwan.*

For the defendant, *John Griffin.*

The opinion of the court was delivered by

DIXON, J.   The relator asks for a *mandamus* commanding the board of chosen freeholders of Hudson county to restore him to employment as a carpenter to work about the grounds and buildings of the county court-house.   The case shows that he was so employed by the board on December 17th, 1896, to do whatever carpenter work he was directed by the county superintendent to do, for which he was to be paid $3.60 per day ; that he was an honorably-discharged Union soldier, and that on December 9th, 1897, he was dismissed by the board without any reason being assigned.

His application for *mandamus* is based on the act of March 31st, 1897.   *Pamph. L., p.* 142.   But, because of the title, that act cannot extend to persons not employed " in the public service of the State of New Jersey."   The clauses in the body of the act relating to the cities, counties, towns and villages of the state are inoperative under our constitution.   *Allen* v. *Township of Bernards,* 28 *Vroom* 303 ; *Schenck* v. *State,* 31 *Id.* 381.

The relator's claim must therefore be tested by the act of March 14th, 1895.   *Gen. Stat., p.* 3702.

That statute protects only those persons who hold " an office " or " a position," and we think that, according to the views heretofore expressed as to the meaning of those terms (*Lewis* v. *Jersey City,* 22 *Vroom* 240 ; *Stewart* v. *Freeholders of Hudson,* 32 *Id.* 117), the employment of the relator did not place him in either an office or a position, within the purview of that statute.   He was to work by the day only, and the services to be rendered by him were merely such as, in the line of his trade, might be directed from time to time by his superior.   Thus, he appears to have belonged to a class of

employes who, according to the opinion pronounced by Mr. Justice Depue in *Lewis* v. *Jersey City, ubi supra,* were not included within such a statutory provision.

The motion for *mandamus* must be denied, with costs.