JOHN E. FORGERSON v. BOARD OF HEALTH OF THE CITY OF NEWARK ET AL.

Submitted November 25, 1899—Decided February 26, 1900.

The prosecutor sued out a *certiorari* to reverse a judgment rendered against him on a complaint which purported to rest on a penal statute, and assigned various reasons for reversal, the first being that the complaint failed to show the commission of an offence within the statute, and others being that the statute was unconstitutional. Afterwards, by stipulation, he confined his objections to the constitutional question. *Held*, that as the complaint did not present a case within the statute, the constitutional questions should not be considered, and the writ should be dismissed.

On *certiorari*.

Before Justices DIXON, GUMMERE and LUDLOW.

For the prosecutor, *John L. Swayze.*

For the defendants, *Coult & Howell.*

The opinion of the court was delivered by

DIXON, J. The judgment of a justice of the peace, which is brought under review, was founded on a complaint designed to charge the present prosecutor with violating the act entitled "An act to prevent the willful pollution of the waters of the Passaic river and of the tributaries thereof, above the great falls of the Passaic river at Paterson," approved March 24th, 1897. *Pamph. L.*, *p.* 99.

The complaint alleges that on October 20th, 1898, Forgerson maintained a pig-pen not more than twenty-five feet from the banks of one of said tributaries; that the drainage from said pig-pen *passes or will pass* into said tributary, and *tends or will tend* to pollute the waters thereof; that he has been notified to remove the structure and prevent the drainage therefrom from passing into the stream, but still maintains the structure.

The statute on which this complaint was rested is, as we have seen, entitled "An act to prevent the willful pollution," &c. The title defines the scope of the enactment (*Allen* v. *Township of Bernards*, 28 *Vroom* 303), and therefore every prohibition contained in the enactment must be limited to this expressed purpose of the legislature. In other words, no conduct can under that title be rendered penal, unless, if fully executed, it would amount not merely to a pollution of the designated stream, but to a willful pollution of it.

Thus interpreted the statute does not reach the conduct set forth in this complaint.

The only act charged against the accused is the maintenance of a pig-pen twenty-five feet away from the stream. There is no allegation that he thereby intended to pollute the stream, or that he knew the stream had been or would be thereby polluted. Without such intention, or such knowledge, his act could not cause or tend to cause a willful pollution of the stream, even though we ascribe to the word " willful " its mildest signification.

This being the situation, the prosecutor sued out the writ of *certiorari* and assigned eighteen reasons for reversal of his conviction, the first being because the complaint fails to show the commission of any offence ; the fourteenth, sixteenth, seventeenth and eighteenth being because the statute is unconstitutional, in that it deprives the accused of his property without due process of law, in that it provides for the imposition of excessive fines, in that it provides for unusual punishment and in that it denies to the accused the equal protection of the laws. Subsequently the prosecutor, by a stipulation with his adversary, bound himself to rely solely on the fourteenth, sixteenth, seventeenth and eighteenth reasons above mentioned, thus aiming to bring before the court only the constitutional questions there presented.

We think those questions are not legally involved in the controversy.

If the complaint had been brought within the statute, it would then have been strictly pertinent to inquire whether

the statute was valid, but for a case not within the statute such an inquiry is irrelevant.   Questions as to the constitutional propriety of the acts of a co-ordinate branch of government should not be unnecessarily entertained by the courts, and the attempt of suitors to compel the judicial decision of such questions, when not essential for the vindication of their rights, should be discountenanced.   In the case before us the attention of the prosecutor was plainly directed to the primary question in the cause, whether the complaint against him was within the statute on which it was based; but he has chosen to abandon that question, which was decisive of the controversy, for the purpose of raising others of broader import, but here occupying a secondary position only to be reached if the primary question be decided adversely.

Having thus shut himself up to reasons for reversal not proper for consideration, the prosecutor has thwarted the legitimate object of the *certiorari*, and the writ should be dismissed, but without costs.