BOARD OF EDUCATION OF THE CITY OF BAYONNE, PROSECUTOR, v. ALBERT BIDGOOD AND STATE BOARD OF EDUCATION, DEFENDANTS.

Submitted May 12, 1933—Decided August 29, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Alfred Brenner.*

For Albert Bidgood, *Charles Rubenstein.*

PER CURIAM.

The writ brings up a decision of the state board of education determining that Albert Bidgood held the position of chauffeur for the board of education of Bayonne and was protected from removal by the Veterans' act. The decision of the board so well stated the facts, argument of counsel and law that we adopt the following portions thereof:

"The board of education of the city of Bayonne, on December 20th, 1928, by a resolution, appointed Albert Bidgood, 'as chauffeur, to drive the new automobile truck purchased for the repair department, at the rate of $175 per month, said appointment to take effect December 24th, 1928.'

"On January 21st, 1932, at a meeting of the board of education, a resolution was offered by one of its members that certain persons in the employ of the board, including Bidgood, be appointed for a term of three years. This resolution failed of adoption. The following day, the superintendent of buildings, grounds and repair, conceiving that the refusal of the board to adopt the last mentioned resolution, operated as a dismissal of the persons named therein from their respective employments, notified Bidgood his services were discontinued.

"On February 4th, 1932, the superintendent reported this action to the board. * * *

"Upon receipt of the report the board adopted a resolution that the action of the superintendent in that behalf be approved.

"Bidgood appealed to the commissioner of education from the action of the appellant board setting forth that he was removed from his position without any charges having been made against him and without a hearing and that his removal was unlawful. Furthermore, that he was a veteran of the world war and protected in his position by the provisions of chapter 29 of the laws of 1929.

"The appellant admits that Bidgood is a veteran of the world war and that he was dismissed without charges having been preferred against him and without a hearing, but contends that such action was lawful in that Bidgood was not the holder of a 'position' as contemplated by the Veterans' Tenure act above mentioned. It was conceded by appellant that if Bidgood was the holder of a 'position' as distinguished from a mere employment, the action of the board in dismissing him is without legal justification.

"The commissioner of education held that Bidgood was the holder of a 'position' and ordered that he be reinstated and his salary paid to him from the date of his dismissal.

"The board of education appeals from that decision to this board. *Pamph. L.* 1929, *ch.* 29, provides that no persons holding a position or office under the government of this state or of any municipality, including any persons employed by a school board or board of education, whose term of

office is not fixed by law, and who receives a salary from such state, municipality or school board, who has served as a soldier, sailor or marine, in any war of the United States, &c., and has been honorably discharged prior to or during such employment in or occupancy of such position or office, shall be removed from such position or office except for good cause after a fair and impartial hearing, &c.

"A position has been defined to be 'analogous to an office in that the duties that pertain to it are permanent and certain, but it differs from an office in that its duties may be non-governmental and not assigned to it by any public law of the state.' *Frederick* v. *Board of Health,* 82 *N. J. L.* 200; 82 *Atl. Rep.* 528.

"Appellant argues that Bidgood held an employment only, as distinguished from a 'position' and is therefore not within the protection of the Tenure act hereinbefore quoted. In the case last cited an 'employment' is differentiated from both an office and a position in that its duties which are non-governmental are neither certain nor permanent. Appellant cites as authority for his contention the cases *McLaughlin* v. *Jersey City,* 51 *N. J. L.* 240; *Evans* v. *Freeholders of Hudson,* 53 *Id.* 585; 22 *Atl. Rep.* 56; *Kreigh* v. *Freeholders of Hudson,* 62 *N. J. L.* 178; 40 *Atl. Rep.* 625, and *Foster* v. *Asbury Park,* 79 *N. J. L.* 58; 74 *Atl. Rep.* 266.

"We have examined these cases and are of opinion they do not support appellant's contention. In the McLaughlin case he was not employed by an official act of the employing board. He was put to work by the chairman of the board and the only evidence of his employment was the appearance of his name on the payroll. In the Evans case he was appointed as machinist and relieving engineer at a daily rate of pay. The board abolished the employment and its action was sustained by the Supreme Court. The court, however, expressed its view regarding the character of the employment and held that the services lacked that fixed and continuous quality which the act (Veterans' act) contemplated in order to be classed as a position. The duties were only occasional and temporary and he was paid for the actual service rendered, at the daily rate at the end of the month. In the Kreigh

case the employment was temporary in character. Bidgood was appointed by formal action of the appellant-board. His compensation was upon a monthly basis. His duties were those of a chauffeur and were continuous and permanent. It appears by the stipulation of facts that he reported for duty daily at eight o'clock A. M., and was engaged until five o'clock P. M., on all days except Saturdays when his work began at eight A. M. and continued until twelve.

"In our opinion Bidgood was the holder of a position and by virtue of the Veterans' Tenure act above quoted was protected against dismissal except upon charges made against him and after a hearing. We agree with the commissioner of education that his dismissal was unlawful."

A bridgetender, appointed by resolution, holds a position. *Lewis* v. *Jersey City,* 51 *N. J. L.* 240; 17 *Atl. Rep.* 112; also a janitor of a court house duly elected by the board of freeholders. *Daily* v. *Essex,* 58 *N. J. L.* 319; 33 *Atl. Rep.* 739, a reservoir keeper seems to have been so regarded, but he did not hold his position for another reason. *Hardy* v. *Orange,* 61 *N. J. L.* 620; 42 *Atl. Rep.* 581. The janitor of a city police station holds a position. *Dolan* v. *Orange* 70 *N. J. L.* 106; 56 *Atl. Rep.* 130.

Bidgood was appointed by resolution. His services were given regularly, and he appears to have occupied a position.

The writ will be dismissed.