JOHN KORIBANICS, PLAINTIFF-RESPONDENT, v. BOARD OF EDUCATION OF THE CITY OF CLIFTON *ET AL.*, DEFENDANTS-APPELLANTS.

Argued May 23, 1966—Decided July 18, 1966.

[redacted]

*Mr. Leonard I. Garth* argued the cause for appellants (*Messrs. Cole, Berman & Garth,* attorneys; *Mr. Garth* of counsel and on the brief; *Mr. Sidney J. Bernstein,* on the brief).

*Mr. Kenneth C. MacKenzie* argued the cause for respondent (*Mr. Aaron Dines,* attorney).

The opinion of the court was delivered by

SCHETTINO, J. We certified before argument in the Appellate Division defendants' appeal from a decision of the

Superior Court, Law Division holding plaintiff, an attorney-at-law of New Jersey, entitled to tenure in the position of counsel to the defendant Board of Education under *N. J. S. A.* 38:16–1 *et seq.* "The Veterans' Tenure Act."

Plaintiff is an honorably discharged veteran of World War II. He was appointed counsel to the Board of Education of Clifton (a Class VI Board under *N. J. S. A.* 18:6–1 *et seq.*) on February 2, 1959 to succeed Fred Friend, Esquire, who had held the position on a year-to-year basis for approximately 22 years. Plaintiff's term was limited to one year with a second year appointment made on February 1, 1960.

On February 1, 1961 the following resolution was passed by the Board at its regular meeting:

"RESOLVED, that John Koribanics be and is hereby appointed Counsel for the Board of Education of the City of Clifton, in the County of Passaic, New Jersey to succeed himself and his new term to commence February 1, 1961, at a salary of Thirty-Five Hundred ($3,500) dollars per annum, and to serve without term.

It is the intention, by this resolution, to grant tenure to John Koribanics, a war veteran, as Counsel for this Board of Education, in accordance with the provisions of the Veterans' Tenure Act, *N. J. S. A.* 38:16–1 *et seq.*"

By resolution dated July 1, 1962, plaintiff's base salary was increased to $4,000 and two years later on July 1, 1964 the base salary was further increased to $4,500. We note that the parties stipulated that in the five and one-half years plaintiff served as Counsel to the Board, he received a total remuneration of $30,801.39, comprising $20,707.14 in retainer (salary) and $10,094.25 in fees for extra work.

On August 19, 1964 at the regular Board meeting a resolution was passed:

"* * * We should continue, however, in our search for further efficiencies and economies throughout the system. * * *

In keeping with these aims, I should like to make the following observations. It is my feeling that there is no need for the continuation of the services of a board counsel under our present arrangement of an annual salary plus added fees.

Clifton's extensive new school building program is finished. The need for the constant attendance of an attorney at every Board meeting is no longer necessary. Our attorney's services can be obtained in the future when needed on a fee schedule commensurate with the services performed as done in other school districts.

I, therefore, move, Mr. President, that the position of school board counsel be abolished effective September 1, 1964."

Plaintiff thereupon on September 2, 1964 instituted this suit for reinstatement and backpay claiming tenure under *N. J. S. A.* 38:16–1 and contending that his dismissal was invalid thereunder because of the Board's failure to present charges and hold a hearing to determine if the Board had shown good cause for the dismissal. We note that at a special meeting convened on October 5, 1964 to consider matters pertaining to plaintiff's suit, the Board by resolution directed its Secretary to communicate with plaintiff, "former board counsel," to request a schedule of fees upon which plaintiff would be willing to handle the Board's future legal matters. However, at the regular meeting on October 21, 1964 this resolution was revoked and the Board's legal business has been accomplished by other attorneys on an *ad hoc* fee basis since.

Plaintiff contends that his dismissal was solely a result of and motivated by political considerations and that *Fox v. Board of Education of Newark,* 129 *N. J. L.* 349 (*Sup. Ct.*), affirmed o. b. 130 *N. J. L.* 531 (*E. & A.* 1943), is authority for holding that he obtained tenure under the Veterans' Tenure Act and cannot be dismissed except for cause. Defendant Board contends that the dismissal was a proper action pursuant to an economy drive; that, in any event, the Veterans' Tenure Act was not intended to provide tenure to an attorney who stands in a confidential relationship with his client under *Canon* 6 of the *Canons of Professional Ethics* and that as the *Fox* case did not deal with this issue of attorney-client relationship affecting the Veterans' Tenure Act, *Fox* does not support plaintiff's thesis.

At argument before us, a question was raised concerning the inclusion in the Veterans' Tenure Act of persons who work upon a fee basis as distinguished from those who work

on a salaried basis. Because of the disposition of this issue, we find it unnecessary to decide the issues of economy as against political considerations or the extent of the Veterans' Tenure Act's coverage of persons who maintain confidential relationships with their government employers.

The Veterans' Tenure Act, *N. J. S. A.* 38:16–1 provides:

"No person now holding any employment, position or office under the government of this State, or the government of any county or municipality, including any person employed by a school board or board of education, or who may hereafter be appointed to any such employment, office or position, whose term of employment, office or position is not now fixed by law, *and receiving a salary from such State, county or municipality, including any person employed by a school board or board of education,* who has served as a soldier, sailor, marine or nurse, in any war of the United States, or in the New Jersey State militia during the period of the World War, and has been honorably discharged from the service of the United States or from such militia, prior to or during such employment in or occupancy of such position or office, shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons.

For the purposes of this section no term of office, position or employment of any person shall be deemed to be fixed by law or coterminous with that of the employing or appointing board or body by reason of the fact that such person was or is appointed or employed by a noncontinuous board or body; *provided, however,* that in no event is it intended that this act shall apply to appointments made for a fixed or stated period of time." (Emphasis added)

It is well settled that *N. J. S. A.* 38:16–1 protects a veteran's "position, office or employment" from arbitrary removal unless it appears that the Legislature purposefully excluded such "position, office or employment" by the terms of *N. J. S. A.* 38:16–1 itself or by later more specific acts which when read *in pari materia* with *N. J. S. A.* 38:16–1 evince "a legislative purpose of excluding them from its tenure protection." *Brennan v. Byrne,* 31 *N. J.* 333, 337 (1960); *Cetrulo v. Byrne,* 31 *N. J.* 320 (1960); *Barringer v. Miele,* 6 *N. J.* 139 (1951); *Carluccio v. Ferber,* 18 *N. J. Super.* 473 (*App. Div.* 1952). See generally, Annot: "Rights of non-civil ser-

vice public employees, with respect to discharge or dismissal, under state veterans' tenure statutes," 58 *A. L. R.* 2*d* 960 (1958) (annotation accompanies reported opinion in *Barkus v. Sadloch*, 20 *N. J.* 551, 120 *A.* 2*d* 465, 58 *A. L. R.* 2*d* 954 (1956)).

■ The term "salary" used in a legislative enactment has been recognized judicially to apply to monies received by a person on a fixed and continuous basis, *i. e.*, normally paid in regular periodic intervals in specific regular amounts. This is the commonly understood meaning of the term. See *White v. Koehler*, 70 *N. J. L.* 526 (*Sup. Ct.* 1904); 38 *Words and Phrases* (*perm. ed.* 1940), *pp.* 37–55. Thus, in *Matthews v. Board of Ed. of Town of Irvington*, 29 *N. J. Super.* 232 (*Law Div.* 1953), affirmed 31 *N. J. Super.* 292 (*App. Div.* 1954), the term "salary" in Pension Act *N. J. S. A.* 43:4–1 *et seq.* was held not to include extra fees for coaching school teams. See *Flamm v. City of Passaic*, 14 *N. J. Misc.* 362, 138 *A.* 748 (*C. P.* 1936) (Workmen's Compensation Act).

■ The phrase "receiving a salary" in *N. J. S. A.* 38:16–1 has been interpreted as excluding from its tenure protection those persons holding "positions, offices and employments" which are merely part-time with no fixed remuneration or permanent basis. *Carluccio v. Ferber, supra.* See *Evans v. Freeholders of Hudson County*, 53 *N. J. L.* 585 (*Sup. Ct.* 1891), where under a predecessor statute to *N. J. S. A.* 38:16–1, a machinist paid on a per diem basis for actual work performed on different jobs as assigned by his superintendent was held not to have performed services that have "that fixed and continuous quality which the act contemplates." See also *Kreigh v. Board of Chosen Freeholders of Hudson County*, 62 *N. J. L.* 178 (*Sup. Ct.* 1898). And *cf. Giannone v. Carlin*, 20 *N. J.* 511, 519 (1956); *Bd. of Ed. of City of Bayonne v. Bidgood*, 11 *N. J. Misc.* 735, 168 *A.* 162 (*Sup. Ct.* 1933); *Shalvoy v. Johnson*, 84 *N. J. L.* 547 (*Sup. Ct.* 1913), all construing the tenure provisions of the Civil Service Act *N. J. S. A.* 11:1–1 *et seq.* as not benefiting temporary or part-time employees.

In *Carluccio v. Ferber, supra,* plaintiff was dismissed by the Director of Motor Vehicles as an agent for the registering of motor vehicles, issuing registration certificates and licensing of drivers. He sought reinstatement claiming tenure under the Veterans' Tenure Act. Reinstatement was denied, the court finding that by the Legislature's granting the Director the power to appoint such agents "until his [agent's] authority is revoked" by the Director, it intended to exclude such agents from tenure under *N. J. S. A.* 38:16–1. It is clear from the court's opinion that the fact the agent was not paid a salary but was remunerated by a percentage of the fees collected from the issuance of vehicle registrations and operators' licenses was a ground of the court's decision that the agent did not hold "any employment, position or office * * * receiving a salary" and was therefore not entitled to tenure under the act. See, *DeVita v. Housing Authority of City of Paterson,* 17 *N. J.* 350, 361 (1955). Compare, *Board of Education of City of Bayonne v. Bidgood,* 11 *N. J. Misc.* 735, 168 *A.* 162 *(Sup. Ct.* 1933).

▪ Thus plaintiff, here, cannot be said to have "received a salary" for an office, position or employment. The record clearly indicates that although the resolutions passed by the Board to provide for remuneration speak in terms of annual salary, plaintiff's services were of a type and quantity that are provided by an independent agent when work becomes available. He received nearly 1/3 of his total emolument on a fee basis, calculated, we assume, on the basis of the reasonable value of the work performed. Because plaintiff's position as Board Counsel is partially based upon fees, he is not entitled to tenure under *N. J. S. A.* 38:16–1 as a person holding a "position, office or employment * * * receiving a salary."

Nor does *Fox v. Board of Education of Newark, supra,* require a different conclusion. In *Fox* plaintiff sought reinstatement as counsel to the Board of Education of Newark, the position being created by resolution providing for $7,000 in "salary." The Court of Errors and Appeals affirmed the

Supreme Court's order that plaintiff was entitled to tenure under the Veterans' Tenure Act. However, unlike here, plaintiff in *Fox* received no "extras" for any legal work performed. He operated under a straight periodic $7,000 per annum salary. Moreover, he was provided office space at the Board's headquarters, again, evidence sustaining a fixed and continuous employment not found here. As indicated, we need not decide the defendant's contentions respecting the impact of the Canons of Ethics and the attorney-client relationship upon the problem. However, we note that where, as here, an attorney provides services to a public body on a fee basis, the relationship might be a source of unseemly dispute over the fixing of compensation.

We see no substance to plaintiff's suggestion that he has tenure as to the fixed salary, leaving the Board of Education free to retain him or another attorney with respect to services not covered by the fixed retainer. That approach would fragmentize the post of counsel and would be beyond the intent of the Legislature.

We therefore hold that plaintiff is not entitled to tenure.

Reversed, no costs in any court.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO — 6.

*For affirmance* — None.