## L. D. LILLARD V. FREESTONE COUNTY.

### Decided March 24, 1900.

**1. Contract with County—Requirement of Bond.**

Where plaintiff's contract with a county to print its delinquent tax list required that he should give bond for the faithful performance in a specified amount, and that until such bond should be approved by the county judge the contract should not be valid and binding, his petition in an action to recover on the contract was subject to demurrer in failing to allege that such bond had been given and approved.

**2. Same—Printing Delinquent Tax List—Liability Not Shown.**

Plaintiff contracted with a county to publish its delinquent tax list for 25 cents per tract, to be paid by and collected as costs from the delinquent taxpayers through the county treasurer, the county not to be liable therefor at all. He presented his account to the county for approval according to its terms, which was refused, and having sued the county in the County Court for the sum total of the account, $496.50, it was held that the county was not liable therefor because of its said exemption from liability by the terms of the contract; and plaintiff's further contention that some of the costs due under the contract had been paid to the county treasurer, and that other costs would continue to be paid as the taxes were paid, all of which he was prevented from collecting by the wrongful refusal to approve the account, was held not tenable, his allegations on this point not being sufficient to charge the county for money had and received by its county treasurer for plaintiff's benefit because not averring the amount so received, nor from whom received, nor showing that the amount was sufficient to confer jurisdiction on the County Court, nor setting forth any reason for the failure to give such amount.

**3. Constitutional Law Excluding Legislators from Certain Contracts.**

Under the provisions of the Constitution (section 18 of article 3) forbidding members of the Legislature to be interested in any contract with the State or a county made by virtue of a law passed while he was a member, it is immaterial that at the time he becomes interested in such contract his term of office has expired.

**4. Same—Colquitt Delinquent Tax Law.**

Although the delinquent tax law passed by the Twenty-fifth Legislature may not have increased the fees to be paid for publishing delinquent lists, yet as it reenacted the law on that subject as a whole, it was "passed" by that Legislature within the meaning of the constitutional prohibition, and a member thereof could not lawfully contract with a county under its terms to publish the delinquent tax list.

APPEAL from the County Court of Freestone. Tried below before Hon. H. B. DAVIS.

*Anderson & Moses* and *Bell & Williford,* for appellant.

*Boyd, Compton & Anderson,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was filed in the County Court of Freestone County, Texas, on the 22d day of March, 1899, by L. D. Lillard against Freestone County to recover judgment for the sum of $496.50, actual damages for breach of contract. On October 19, 1897, appellant and appellee entered into the following contract:

"October 19, 1897. It is ordered by the court that the contract for publishing the delinquent tax list as required by the Colquitt delinquent tax law, and as now prepared and in the hands of the tax collector, be and the same is hereby awarded to L. D. Lillard, upon the following terms:

Said L. D. Lillard is to do said publishing at the legal rate of 25 cents per tract, and is to pay for the material and preparation of the copy from which said list is published, and is to have said publication complete in ample time for the county attorney to file suit thereon for the February term, District Court, and the said L. D. Lillard is to look to the delinquent taxpayers for his costs when paid. The county assumes no responsibility. And it is expressly agreed that the county shall not pay, nor be in any way responsible for, any costs or expense in any way connected with said publication. It is further required that said L. D. Lillard enter into bond in the sum of $500 for prompt and faithful performance of this contract; said bond to be approved by the county judge before this contract shall become valid and binding."

Appellant alleged that he had the copy of the said delinquent tax list prepared and it was duly certified to by the tax collector as being true and correct and complete, etc., and by the county clerk, as required by law, and said copy was examined and approved by the Commissioners Court of said county and ordered to be published in said Fairfield Recorder, etc. Said tax list or record was correctly published by appellant for three consecutive weeks, to wit, April 22, April 29, and May 5, 1898, in said paper. Afterwards it was discovered that the publication was illegal, because it did not show all the data required by law. Defendant county had said delinquent tax record republished by W. O. Peery, and paid for same. On February 4, 1899, appellant presented to the Commissioners Court his account for said publication, and asked that it be allowed in the terms of his contract, that is, that the county treasurer be instructed to pay appellant 25 cents per tract as collected, which said account was rejected by the court on February 21, 1899, all of which exhibits were a part of appellant's petition.

Appellee answered by general and special exceptions, and by general denial, and by cross-bill, alleging that said contract between appellant and appellee, of date October 19, 1897, was illegal and void; and asked that defendant county have judgment against said appellant to recover back $40 paid to appellant by appellee for other tax list advertising theretofore made; and that on August 15, 1898, appellant and one W. O. Peery, acting together, entered into a pretended contract with appellee to publish said delinquent tax record at 17 cents per tract, which publication was made, and paid for by appellee, appellant drawing the scrip therefor, $445.90; that said contract was illegal, because appellant was a member of the Twenty-fourth Legislature when said Colquitt law was passed, and of the Twenty-fifth Legislature when same was amended, and asked for judgment against appellant for said $445.90 also.

Appellant by supplemental petition excepted generally to appellee's cross-action, and denied generally the allegations therein contained.

The court sustained appellee's general exception and special exceptions 2 and 3, and appellant's general exception; and both parties refusing to amend, the cause was dismissed and both parties excepted and gave notice of appeal, and plaintiff perfected his appeal.

It is not alleged that appellant ever executed a bond in the sum of $500, and that the same was approved by the county judge conditioned for the prompt and faithful performance of the contract. The contract expressly provides that this shall be done before the contract shall become valid and binding. This seems to be made a condition precedent to the contract becoming valid and binding, and in failing to allege it the petition was subject to appellee's demurrer.

The contract also expressly provides that said L. D. Lillard "is to look to the delinquent taxpayers for his costs when paid. The county assumes no responsibility, and it is expressly agreed that the county shall not pay, nor be in any way responsible for, any cost or expense in any way connected with said publication." The effect of this provision is to relieve the county from any liability to plaintiff for the payment of the cost of said publication. But appellant contends that "some of the costs due to plaintiff under said contract have been paid to the county treasurer of said county, and that other costs will continue to be paid as said taxes are paid until the most or greater part of the same shall have been paid," which he claims he is prevented from collecting by defendant's wrongful act in refusing to allow his said account.

These allegations are insufficient to charge defendant for money had and received by its county treasurer for the use and benefit of plaintiff. It does not allege the amount so received, or from whom received, or show that the amount is sufficient to confer jurisdiction upon the county court. Nor does it set forth any reason for his failure to give the amount.

Again, appellant contends that "the court erred in sustaining defendant's second special demurrer to plaintiff's original petition and dismissing this cause, and in holding that plaintiff was disqualified by law from contracting with defendant county for advertising or publishing the delinquent tax record under the Colquitt law passed by the Twenty-fourth Legislature and amended by the Twenty-fifth Legislature, in both of which plaintiff represented Freestone County, because the contract between plaintiff and defendant herein involved was made in October, 1897, after the expiration of plaintiff's term of office as representative in the Twenty-fourth Legsilature, and by the amendments in the Twenty-fifth Legislature, said law, as to the pay of publishing the said delinquent tax record, was not materially changed and was not increased, and said pay was the same as it was originally made in said Colquitt law and had been for years before, i. e., 25 cents per tract."

The law known as the "Colquitt Law," relating to the collection of delinquent taxes was passed by the Twenty-fourth Legislature and approved April 13, 1895. Laws 24th Leg., p. 50, et seq.

Section 5 of said law provided for the publication of the delinquent tax list, and provides the amount to be received by the publishers as compensation shall be the same as is provided by law for like services in other cases.

This law was amended by the Twenty-fifth Legislature, and the entire

law re-enacted, in which it was provided that the county shall not allow for said publication a greater amount than 25 cents for each tract of land so advertised.

The appellant was a member of both the Twenty-fourth and Twenty-fifth Legislatures. He was a member of the Twenty-fifth Legislature when the contract was entered into with Freestone County.

By the terms of article 3, section 18, of the Constitution of Texas, among other things it is provided: "Nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he shall have been elected."

The trial court sustained a demurrer to the petition challenging the validity of the contract made by appellant with Freestone County under the above clause of the Constitution.

Appellant insists that his term of office as a member of the Twenty-fourth Legislature had expired, and that the amendments to the law made by the Twenty-fifth Legislature did not materially change the pay for publishing the delinquent tax list, and hence the above provision of the Constitution does not apply.

We are not willing to admit the contention that appellant's term of office having expired as a member of the Twenty-fourth Legislature, he thereby became authorized to contract with Freestone County by virtue of a law passed by that Legislature.

We think it apparent that the intention of the above clause of the Constitution was to absolutely prohibit any person from entering into a contract with the State or county authorized by a statute passed by a Legislature of which such person was a member. Such being the case, the intention should be given effect. Cooley on Const. Law, 69; Story on Const., sec. 413; Rawle on Const., chap. 1, p. 31; Potter's Dwarris on Stats., 659.

We are of the opinion that the contract was prohibited by reason of the appellant having been a member of the Twenty-fourth Legislature.

The law was amended and re-enacted as a whole by the Twenty-fifth Legislature. The fees for publishing the delinquent tax list were changed. It may be the change was slight, but whether a change was made at all in this respect, we think the entire law, having been re-enacted as a whole, was "passed" within the meaning of article 3, section 18, of the Constitution, and that under said section plaintiff could not make a valid contract with Freestone County authorized by the provisions of said law.

We conclude the court did not err in sustaining the exceptions to the petition, and the judgment is affirmed.

*Affirmed.*