**MORROW–THOMAS, INC., Appellant,**

**v.**

**Luther M. HARRIS et al., Appellees.**

**No. 4413.**

Court of Civil Appeals of Texas, Eastland.

Jan. 15, 1971.

Lockhart, Lindsey & Neal, E. H. Lindsey, Amarillo, for appellant.

Royce Adkins, Haskell, for appellees.

McCLOUD, Chief Justice.

Appellant, Morrow-Thomas, Inc., brought suit against appellees, Luther M. Harris and

wife, Lorene B. Harris, and Gary Lee Harris and Gordon Don Harris, sons of Luther M. and Lorene B. Harris, seeking cancellation of a deed and foreclosure of its judgment lien.

On May 27, 1968, Luther M. Harris and wife, Lorene B. Harris, executed a $6,-000.00 note payable to appellant, Morrow-Thomas, Inc., on June 27, 1968. On August 30, 1968, appellant filed suit on such note in Cause No. 47,025–A, in the 47th Judicial District Court of Potter County, Texas. On September 5, 1968, Luther M. Harris and wife were served with citation. On September 25, 1968, appellant filed a second suit, on a sworn account, against Luther M. Harris and wife, in Cause No. 9124 of the 47th Judicial District Court of Randall County, Texas. Luther M. Harris and wife were served November 26, 1968 with citation.

On November 29, 1968, Luther M. Harris and wife executed a Warranty Deed to their two sons, Gary and Gordon Harris, conveying 320 acres of land located in Throckmorton County. The deed recited the consideration as being $10.00 and other good and valuable consideration.

On January 6, 1969, judgment was rendered in Cause No. 9124 against Luther M. Harris in the amount of $500.01, and on January 9, 1969, judgment was rendered in Cause No. 47,025–A against Luther M. Harris and wife, in the amount of $6,153.60, which judgments were abstracted in Throckmorton County. Execution was issued from the Throckmorton County District Clerk's office on March 20, 1969 and returned marked nulla bona.

■ Appellant's first and second points, that the trial court erred in overruling its motion for summary judgment, are overruled. This is an appeal from a "take nothing" judgment tried on its merits by a jury. Whether the trial court did err in overruling appellant's motion for summary judgment before the case was tried on the merits is not a matter for consideration on

appeal. Dyche v. Simmons, 264 S.W.2d 208 (Tex.Civ.App., writ ref., n. r. e.); Stewart v. Lomax, 395 S.W.2d 82 (Tex.Civ.App., writ ref., n. r. e.).

Appellant's third point states:

"The Court erred in not granting Appellant's Motion for Judgment Non Obstante Veredicto in that there was no evidence in the record upon which to base adequate consideration paid for the land in question, therefore, under Article 3997 and under Article 3996, Vernon's Annotated Statutes, the transfer of land was void as a matter of law as to prior creditors."

■ This is a "no evidence" point, and requires a review of the evidence in its most favorable light in support of the jury's finding, considering only the evidence and inferences which support the finding, and rejecting the evidence and inferences which are contrary to the finding. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1951).

The jury found in answer to Special Issue No. 6 that the deed by Luther M. Harris and wife, Lorene B. Harris, to Gary Lee Harris and Gordon Don Harris was not made without a valuable consideration. The jury was instructed that "for a consideration to be one deemed valuable in law, it must be substantially equal to the value of the property conveyed." Appellant neither objected to the court's charge nor filed a motion for new trial.

■ Appellant's third point is overruled. The testimony of the witnesses Luther M. Harris, Gordon Don Harris, and Lorene B. Harris constitutes some evidence of probative force that adequate consideration was paid for the land in question. The record contains evidence that at the time of the conveyance Luther M. Harris and his wife lived on the 320 acres in question; that he knew a person was entitled to a homestead of 200 acres but they decided to convey the entire 320 acres to the boys; that the boys, Gary Lee Harris and Gordon Don Harris, were to assume the payment of a $10,000.00

mortgage against the property and that the remaining consideration was in payment of a debt owed the boys by Luther M. Harris and his wife Lorene B. Harris for past services rendered in farming the land for several years. There was evidence that after deducting the mortgage against the property the value of the land was reasonably calculated to discharge the obligation owed the boys. See: Chauncey v. Gambill, 126 S.W.2d 775 (Tex.Civ.App., Dism. Jud.Cor.).

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.