Craig A. WASHINGTON, Appellant,

v.

WALKER COUNTY, the Honorable Robert R. Bagby, Auditor for Walker County, the Honorable Barbara Trigg McGilberry, Treasurer of Walker County, Individually and in their Capacities as Public Officials of Walker County, Texas, Appellees.

No. 01–85–0543–CV.

Court of Appeals of Texas, Houston (1st Dist.).

February 6, 1986.

Rehearing Denied March 20, 1986.

Sidney J. Braquet, Washington & Randle, Houston, for appellant.

Frank Blazek, Dist. Atty. of Walker Co., Robert J. Choate, Asst. Dist. Atty. of Walker Co., Huntsville, for appellees.

Before JACK SMITH, SAM BASS and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from the denial of a writ of mandamus. Appellees refuse to issue payment to appellant in the amount certified by a district court judge for the defense of an indigent in a capital murder case. Appellees maintain that payment is prohibited under the Texas Constitution and that the State, not Walker County, is required to make payment. The trial court denied the writ.

Appellant, an attorney and state legislator, had been appointed to represent a prisoner accused of capital murder committed while incarcerated in a Texas Department of Corrections unit located in Walker County. After a jury trial in April and May of 1984, the trial court certified $50,000 as the reasonable amount for Walker County and the State of Texas to compensate counsel for his services. Appellant then demanded payment from the State and Walker County, pursuant to Tex.Code Crim.P.Ann. art. 26.055 (Vernon Supp.1986). The State responded that it had forwarded a check to Walker County in the amount of $50,000 for the defense of the accused. However, the county treasurer refused to issue the check. Appellant then filed a petition for writ of mandamus, requesting that the district court order appellees to perform the ministerial act of payment. Additionally, appellant requested attorney's fees for the mandamus action, costs, and prejudgment interest. The trial court denied all relief.

In one point of error, appellant contends that the trial court erred in denying his application for mandamus. In three reply points, appellees contend that payment is prohibited by Tex. Const. art. III, sec. 18 ("Art. III, sec. 18") because appellant has been a state legislator since January 9, 1973; that Tex.Code Crim.P.Ann. art. 26.-055 requires payment by the State, not the county; and that attorney's fees for the mandamus action are not authorized. If the payment for the criminal case certified by the district court is not prohibited by the

constitution or statute, then payment is a ministerial act, and appellant is entitled to relief. *See Ham v. Garvey,* 155 S.W.2d 976 (Tex.Civ.App.—San Antonio 1941, no writ).

Art. III, sec. 18 provides in pertinent part:

> [N]or shall any member of the Legislature be interested, either directly or indirectly, *in any contract with the State,* or any county thereof, authorized by any law passed during the term for which he was elected. [Emphasis added.]

During appellant's tenure as a legislator, Tex.Code Crim.P.Ann. art. 26.05, providing for the compensation of appointed counsel in criminal cases, was amended twice: once during the 63rd Legislature (1973), then again during the 67th Legislature (1981). Also during appellant's tenure, Tex.Code Crim.P.App. art. 26.055 was enacted (in 1975) and later amended (in 1985). Article 26.055 provides that, in certain cases, the State Comptroller of Public Accounts shall issue a warrant directly to the court-appointed counsel in the amount in excess of the first $250 certified by the court.

■ The initial question is whether Art. III, sec. 18 prohibits payment of the court-appointed attorney's fees because appellant was a legislator when the above statutes were enacted. Appellant argues that he does not have an "interest" in a "contract" as those terms are used in Art. III, sec. 18. Appellees rely on the single reported case involving the pertinent portion of Art. III, sec. 18, *Lillard v. Freestone County,* 23 Tex.Civ.App. 363, 57 S.W. 338 (1900, no writ), to support their argument that appellant's fees constitute "an interest in a contract with the State."

In *Lillard,* the court considered a printing contract between a legislator and Freestone County for the publication of a delinquent tax list. The statute providing for publication of the list of delinquent taxpayers had been passed during the 24th and amended by the 25th Legislature. Lillard had been a member of both legislatures and entered into the contract during the 25th legislative session. The contract provided for payment from the delinquent taxpayers. The court held that the contract was prohibited and void, stating:

> We think it apparent that the intention of [art. III, sec. 18] was to absolutely prohibit any person from entering into a contract with the state or county authorized by a statute passed by a legislature of which such person was a member. Such being the case, the intention should be given effect.... We are of the opinion that the contract was prohibited by reason of the appellant having been a member of the 24th legislature. The law was amended and reenacted as a whole by the 25th legislature. The fees for publishing the delinquent tax list were changed. It may be the change was slight, but, whether a change was made at all in this respect, we think the entire law, having been reenacted as a whole, was "passed," within the meaning of article 3, sec. 18, of the constitution, and that under said section plaintiff could not make a valid contract with Freestone county, authorized by the provisions of said law.

57 S.W. at 340 (citations omitted).

The Texas Supreme Court has held that the fundamental rule of interpreting the state constitution is to give effect to the intent of the people who adopted it, in light of 1) conditions existing at that time, 2) the general spirit of the times, and 3) the prevailing sentiments of the people. *Director of the Department of Agriculture & Environment v. Printing Industries Association,* 600 S.W.2d 264, 267 (Tex.1980). The common sense meaning of the terms is the one in which they should be understood; when the meaning is doubtful, the interpretation that seems best calculated to promote the public interest should be adopted upon the theory that its framers so intended. *Orndorff v. State ex rel. McGill,* 108 S.W.2d 206, 209 (Tex.Civ.App.—El Paso 1937, writ ref'd.). It is also pertinent to consider the history of the times out of which the constitution grew, the evils intended to be remedied, and the good to be accomplished. *Travelers' Insurance Co. v.*

*Marshall,* 124 Tex. 45, 55, 76 S.W.2d 1007, 1012 (1934).

Art. III., sec. 18 was intended to prevent personal gain and profit by members of the legislature as a result of the office they hold. It was first included in the Constitution of 1876 in response to the graft that occurred during the reconstruction period following the Civil War. Tex. Const. art. III, sec. 18, interp. commentary (Vernon 1984). The negotiated agreement involved in the *Lillard* case was the kind of interest Art. III, sec. 18 was intended to prohibit. However, the agreement involved in *Lillard* is quite different from the instant situation, which concerns fees paid to appointed attorneys.

Prior to appellant's first term in the legislature, Tex.Code Crim.P.Ann. art. 26.04 (Vernon 1966) was enacted. It provides for the appointment of counsel in felony cases once the trial court determines that the accused is indigent. This statute was required by the Sixth Amendment to the United States Constitution as interpreted in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Neither the framers of our state constitution nor the people who enacted it in 1876 could have envisioned the enormous obligation, imposed by *Gideon* 87 years later in 1963, of this State to provide counsel to indigent persons accused of crimes. Nor could they have envisioned the obligation of attorneys to provide representation for indigents. Because of these obligations imposed by the Sixth Amendment, Texas developed an appointment system by which the trial court enters an order commanding counsel to provide representation. It is true that State legislators may excuse themselves from the appointment process, but they also have the prerogative to fulfill their obligation to the court as attorneys. Tex.Code Crim.P.Ann. art. 26.06 (Vernon 1966).

An appointment is unlike a contract in many regards. For example, there is no mutuality of obligation. The relationship created by the order is unilateral in nature because it does not create a right to continued employment as counsel, or to compensation for work done out-of-court, or for investigative fees in excess of $500. *See, e.g., Freeman v. State,* 556 S.W.2d 287, 302–303 (Tex.Crim.App.1977). In fact, even if the appointed attorney wishes to withdraw as counsel, he or she may not do so except by approval of the court.

Although we have found no Texas cases addressing the interest of an appointed attorney in the appointment, the Supreme Court of Missouri has described the inherent nature of the practice of law thus:

> The lawyer cannot possibly get away from the fact that his is a public task. In all probability the professional relation of a lawyer to his client arose out of status rather than contract.

*Missouri ex rel. Wolff v. Ruddy,* 617 S.W.2d 64, 66 (Mo.1981) (quoting 1 A. Chroust, *The Rise of the Legal Profession in America* x-xi (1965)) (attorneys required to represent indigents accused of crimes without compensation, because Missouri had no funds to pay attorneys' fees).

After examining the factors relevant to this cause, we conclude that an attorney's representation of an indigent defendant is not a contract between the attorney and the State or county merely because the attorney may receive the incidental benefit of reasonable attorney's fees for representing the accused in court. *Compare Creighton University v. Smith,* 217 Neb. 682, 353 N.W.2d 267 (1984). We therefore hold that appellant's appointment as counsel was not an "interest" in a "contract" as contemplated by Art. III, sec. 18. We conclude that to hold otherwise would not be in the interest of the public, the State, the indigent accused, or the criminal justice system.

■ Appellees also contend that even if payment is not constitutionally prohibited, Tex.Code Crim.P.Ann. art. 26.055 requires payment by the State, not Walker County. Appellees claim that because Walker County possesses the state funds, any payment is a payment by Walker County and not by

the State as required by article 26.055. We disagree.

Walker County chose to pay its obligation ($250) to appellant's co-counsel in the criminal proceedings. Therefore, by the terms of the statute, it was not obligated to pay any additional fees. However, appellees concede that the State Comptroller transferred the funds from a grant of the Criminal Justice Division for the express purpose of paying the costs of the appointed attorney's fees. Once the judge presiding over the criminal trial certified the attorney's fees, the county receiving the money became a depository through which the State Comptroller would pay those funds to appellant pursuant to the court's order. Payment to appellant of the state funds held by Walker County is not the payment of a debt or obligation of Walker County. Rather it is the satisfaction of the State's obligation that was triggered by the trial judge's order certifying the amount to be paid to the attorney. The State could have paid appellant's fee directly to the appellant, but in this instance it used Walker County as a depository of state funds and the conduit through which the funds were to be paid to appellant. We find, under the facts of this case, that the county is obligated to remit the state funds to appellant.

■ Finally, appellant contends that the trial court erred in denying him attorney's fees in the mandamus action. We disagree.

In certain suits, a person is allowed to recover attorney's fees from an *individual* or a *corporation*. Tex.Civ.Practice & Remedies Code Ann. sec. 38.001 (Vernon Supp.1986). Appellees do not fall within the purview of the statute, however, because their duty to the appellant is a duty owed in their official, not individual, capacities. Appellees, in their official capacities, are not a "corporation" under the ordinary meaning of the term. *See Commissioners Court v. Rodgers*, 691 S.W.2d 753, 757 (Tex.App.—Tyler 1985, no writ); *State v. Central Power & Light Co.*, 139 Tex. 51, 55–56, 161 S.W.2d 766, 768 (1942); *City of*

*Austin v. North Austin State Bank*, 631 S.W.2d 564, 568–69 (Tex.App.—Austin 1982, no writ). The trial court properly denied attorney's fees incurred in bringing the mandamus action.

The trial court's judgment denying attorney's fees is affirmed. The portion of the judgment denying the mandamus will be reversed and mandamus issued against appellees as prayed for by appellant.

Opinion on Rehearing

Both parties have filed motions for rehearing. Prior to disposition of his original motion for rehearing, appellant requested, and we grant, leave to file an amended motion for rehearing.

■ Appellant first requests that this Court grant him prejudgment interest. Appellant requested pre-judgment interest in the court below, but he failed to bring forward a point of error regarding prejudgment interest in his original brief to this Court. Appellant is raising a new point of error. An assignment of error raised for the first time in an appellant's motion for rehearing in the Court of Appeals is too late to be considered. *Lone Star Gas Co. v. Sheaner*, 157 Tex. 508, 305 S.W.2d 150 (1957); *Gillen v. Diadrill, Inc.*, 624 S.W.2d 259 (Tex.App.—Corpus Christi 1981, writ dism'd) (op. on reh'g); *Trice Production Co. v. Dutton Drilling Co.*, 333 S.W.2d 607 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.) (op. on reh'g); Tex.R.Civ.P. 458(a). Appellant's first point on rehearing is overruled.

In his second point, appellant contends that this Court wrongly held that he was not entitled to attorney's fees for bringing the mandamus action. Appellant relies on *Gates v. City of Dallas*, 704 S.W.2d 737 (1986), in which the supreme court held that a successful litigant may recover attorney's fees against a governmental body engaged in proprietary functions under former Tex.Rev.Civ.Stat. art. 2226 (now Tex. Civ.Prac. and Rem.Code sec. 38.001 (Vernon Supp.1986)). In prosecuting a criminal case, the State and Walker County were acting in a governmental capacity and not

in a proprietary capacity; therefore appellant is not entitled to attorney's fees. Appellant's second point of error on rehearing is overruled.

Appellee's motion, which consists of one point disagreeing with the basis for this Court's opinion, is overruled.