

# THE ATTORNEY GENERAL
## OF TEXAS

January 26, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable David H. Cain            Opinion No. JM-847
Chairman
Committee on Transportation        Re: Whether legislator may
Texas House of Representatives     receive payment from a
P. O. Box 2910                     state agency for serving
Austin, Texas    78769             as special commissioner in
                                   condemnation proceedings
                                   (RQ-1262)

Dear Representative Cain:

You request advice on the following question:

> If a member of the legislature serves as
> a special commissioner in a condemnation
> proceeding under the Property Code, is that
> legislator entitled to remuneration by the
> State Department of Highways and Public
> Transportation?

The law of eminent domain is set out in chapter 21 of
the Property Code. If the state wishes to acquire real
property for public use but cannot agree with the property
owner on the amount of damages, the condemning entity may
begin a condemnation proceeding. Property Code §21.012.
Section 21.014 of the Property Code provides for the
appointment of special commissioners to determine the
value of the property:

> (a) The judge of a court in which a
> condemnation petition is filed or to which
> an eminent domain case is assigned shall
> appoint three disinterested freeholders who
> reside in the county as special commis-
> sioners to assess the damages of the owner
> of the property being condemned. The judge
> appointing the special commissioners, shall
> give preference to persons agreed on by the
> parties. If a person fails to serve as a
> commissioner, the judge may appoint a re-
> placement.

(b) The special commissioners shall swear to assess damages fairly, impartially, and according to the law.

(c) Special commissioners may compel the attendance of witnesses and the production of testimony, administer oaths, and punish for contempt in the same manner as a county judge.

The special commissioners hold a hearing at which the parties may offer evidence relevant to the property owner's damages. Property Code §§21.015, 21.041. The commissioners then assess damages according to the evidence presented at the hearing and file a written statement of their decision with the court. Property Code §§21.042, 21.048. If a party objects to the special commissioners' findings in accordance with section 21.018 of the Property Code, the court will try the case. Property Code §21.018. If there are no timely objections, the judge shall adopt the commissioners' findings as the judgment of the court. Property Code §21.061. A judgment in a condemnation proceeding is appealed according to the procedure applicable in other civil cases. Property Code §21.063.

The validity of commissioners' proceedings depends on strict compliance with the authorizing statutes. City of Dallas v. Bergfield, 245 S.W. 749 (Tex. Civ. App. - Dallas 1922, writ ref'd). Proceedings before special commissioners are administrative rather than judicial. Lower Nueces River Water Supply District v. Cartwright, 328 S.W.2d 752 (Tex. 1959). Commissioners are appointed on an ad hoc basis to serve as fact finders, although in doing so they exercise powers not available to petit jurors. See Attorney General Opinion WW-422 (1958).

Section 21.047(c) of the Property Code allows the compensation for special commissioners to be taxed as court costs:

(c) A court that has jurisdiction of an eminent domain proceeding may tax $10 or more as a reasonable fee for each special commissioner as part of the court costs of the proceeding.

Court costs in condemnation suits to secure rights of way for state highways are paid from appropriations to the State Department of Highways and Public Transportation.

Attorney General Opinion WW-472 (1958). Thus, special commissioners appointed in suits to condemn land for state highways are paid from funds appropriated to the State Department of Highways and Public Transportation. Id.; see generally Attorney General Opinion WW-422 (1958).

You do not refer to specific provisions of law which might be relevant to your question. We will consider whether article III, section 18, or article XVI, section 40, of the Texas Constitution would prevent a legislator from receiving compensation from the State Department of Highways and Public Transportation for serving as a special commissioner.

Article XVI, section 40, of the Texas Constitution provides in part:

> No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law.

Tex. Const. art. XVI, §40 (last sentence). If a special commissioner occupies an office or position of profit, a legislator may not serve in that capacity.

Judicial decisions and prior opinions of this office state as an essential element of an office that its duties are continuing in nature and not intermittent. See Knox v. Johnson, 141 S.W.2d 698 (Tex. Civ. App. - Austin 1940, writ ref'd); see also Dunbar v. Brazoria County, 224 S.W.2d 738 (Tex. Civ. App. - Galveston 1949, writ ref'd) (quoting definition from Knox v. Johnson). The court in Kimbrough v. Barnett, 55 S.W. 120, 122 (Tex. 1900) quoted Mechem on Public Officers to define "public office" as follows:

> 'Public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.' (Emphasis added.)

55 S.W. at 122. See F. Mechem, A Treatise on the Law of Public Offices and Officers, §1 (1890).

Opinions of this office have construed the term "office or position of profit" as it appeared in former article XVI, section 33, of the Texas Constitution, which prohibited the state accounting officers from paying the salary of any

> agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States. . . .

S.J.R. No. 7, Acts 1925, 39th Leg., at 680.

Attorney General Opinion O-2798 (1940) considered whether a criminal district attorney could be compensated for representing the state in a civil suit at the request of the Attorney General's Office. The criminal district attorney was an officer subject to the prohibitions of former article XVI, section 33. The opinion concluded, however, that his employment as an attorney in one case did not make him the holder of another "office or position of honor, trust or profit." The opinion stated:

> If that were the case, every practicing attorney would hold as many 'positions . . . under the State' as he had clients with pending suits. This is not the meaning of the word 'position' in this connection.

Attorney General Opinion O-2798 (1940). Cf. Washington v. Walker County, 708 S.W.2d 493 (Tex. App. - Houston [1st Dist.] 1986, writ ref'd n.r.e.).

Attorney General Opinion V-371 (1947) concluded that a state employee could receive a jury fee for serving as a juror while on state payroll. The opinion pointed out that neither a grand juror nor a petit juror holds an office within the meaning of the constitutional provisions prohibiting the holding of two offices. Nor did a juror hold a "position of honor, trust or profit, under this State," within former article XVI, section 33, of the Texas Constitution. It cited the following rule from cases of other states that

> [a] 'position' is analogous to an 'office', in that the duties that pertain to it are permanent and certain. . . . (Emphasis added by Attorney General Opinion.)

Attorney General Opinion V-371 (1947), citing Board of Education of City of Bayonne v. Bidgood, 168 A. 162, 163 (N.J. Sup. 1933); Fredericks v. Board of Health of Town of West Hoboken, 82 A. 528, 529 (N.J. Sup. 1912). The opinion stated as follows:

> Service as a juror totally lacks the elements of permanency and continuity which are essential characteristics of an 'office or position' as those terms are used in Section 33, of Article 16, Texas Constitution.

Attorney General Opinion V-371 (1947).

Attorney General Opinion O-4313 (1942) concluded that a member of the State Board of Education could also serve on the Alien Enemy Hearing Board, which heard cases involving alien enemies apprehended by the Department of Justice and recommended to the United States Attorney General that they be released, paroled, or interned. The opinion concluded that membership on the board did not involve "holding . . . any office of profit or trust under the United States." See Tex. Const. art. XVI, §12. Nor did it constitute a "position of honor, trust or profit" under article XVI, section 33, of the Texas Constitution. The term "position" implied, "among others, stability, compensation, duration." Attorney General Opinion O-4313 (emphasis added). The absence or relative absence of these essentials meant that membership on the board did not constitute a "position" within article XVI, section 33.

Special commissioners are appointed by the court for one case. They do not serve for a fixed term. Their service lacks the elements of permanency and continuity which are essential to holding an "office" or "position of profit." A legislator's service as a special commissioner in a condemnation suit is not prohibited by article XVI, section 40, of the Texas Constitution.

Article III, section 18, of the Texas Constitution provides:

> Sec. 18. No Senator or Representative shall, during the term for which he was elected, be eligible to (1) any civil office or profit under this State which shall have been created, or the emoluments of which may have been increased, during such term. . . nor shall any member of the Legislature be

> interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he was elected.

We have already determined that a special commissioner does not hold an office. See also Attorney General Opinion MW-415 (1981) ("civil office" is synonymous with "public office"). Thus, the first provision of article III, section 18, of the Texas Constitution, quoted above, does not prohibit a legislator from serving as a special commissioner in a condemnation proceeding.

The final provision of article III, section 18, quoted above, prohibits any person from entering into a contract with the state or county authorized by a statute passed by a legislature of which that person was a member. The court in Washington v. Walker County, 708 S.W.2d 493 (Tex. App. - Houston [1st Dist.] 1986, writ ref'd n.r.e.), held that a legislator who represented an indigent defendant under a court appointment did not have an "interest" in a "contract" within article III, section 18, of the Texas Constitution, even though compensation was payable directly to him by the state. The court said that the kind of interest which article III, section 18, was intended to prohibit was exemplified by the negotiated contract at issue in Lillard v. Freestone County, 57 S.W. 338 (Tex. Civ. App. 1900, no writ). 708 S.W.2d at 496 (discussing Lillard). In Lillard, a legislator contracted with a county to publish a delinquent tax list. The statute providing for publication of the list had been adopted and amended while Lillard was a legislator. Article III, section 18, of the constitution therefore made the contract invalid. 57 S.W. at 340.

The judicial appointment in Washington v. Walker County was unlike the agreement in Lillard. 708 S.W.2d at 496. The Washington court stated as follows:

> An appointment is unlike a contract in many regards. For example, there is no mutuality of obligation. The relationship created by the order is unilateral in nature because it does not create a right to continued employment as counsel, or to

compensation for work done out-of-court, or for investigative fees in excess of $500.[1]

A special commissioner is appointed to serve for a particular case, and has no entitlement to continued service in that capacity. His compensation is determined by the court after he has completed the work of a commissioner. Because an appointment as special commissioner is similar in important respects to the appointment as attorney for an indigent defendant, the decision in Washington v. Walker County controls the present case. A special commissioner does not have a contract with the state or county merely because he may receive reasonable compensation taxed as court costs against the State Department of Highways and Public Transportation. See 708 S.W.2d at 496. A legislator's appointment as counsel was not an interest in a contract as contemplated by article III, section 18, of the constitution. Id.

We conclude that neither article III, section 18, nor article XVI, section 40, of the Texas Constitution prohibits a legislator from receiving compensation from the State Department of Highways and Public Transportation for serving as a special commissioner in a condemnation case.

We point out that section 8 of article 6252-9b, V.T.C.S., includes the following provisions:

> Sec. 8. (a) No state officer or state employee should accept or solicit any gift, favor, or service that might reasonably tend to influence him in the discharge of his official duties or that he knows or should know is being offered him with the intent to influence his official conduct.

---

1. Articles 26.05 and 26.055 of the Code of Criminal Procedure, which provide for the compensation of attorneys appointed to represent indigent defendants in criminal cases, were amended by the 70th Legislature. Acts 1987, 70th Leg., ch. 979, §3; ch. 1049, §52. The attorney is to be reimbursed for reasonable expenses for investigation incurred with prior court approval and for reasonable and necessary time spent out of court in the case, supported by any documentation the court requires. Code Crim. Proc. art. 26.05.

       (b) No state officer or state employee should accept employment or engage in any business or professional activity which he might reasonably expect would require or induce him to disclose confidential information acquired by reason of his official position.

       (c) No state officer or state employee should accept other employment or compensation which could reasonably be expected to impair his independence of judgment in the performance of his official duties.

Whether service as a special commissioner in a particular case is consistent with these standards is a question of fact which is ultimately for the legislature to decide. Attorney General Opinion H-688 (1975).

### S U M M A R Y

       Neither article III, section 18, nor article XVI, section 40, of the Texas Constitution bars a legislator from serving as a special commissioner in an eminent domain proceeding and receiving compensation from the State Department of Highways and Public Transportation for that service.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General