**Ray CORNETT, Appellant,**

**v.**

**John DAMON, County Judge, et al., Appellees.**

**No. A14–88–00013–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 12, 1989.

Rehearing Denied March 30, 1989.

docket of the 241st Judicial District Court of Smith County, Texas, is hereby lifted.

Gary McConnell, Angleton, for appellant.

Michael M. Phillips, Angleton, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Article III, § 18 of the Texas Constitution forbids members of the legislature from profiting from government contracts authorized by any law passed by that legislature. The questions presented in this case are two-fold.

(1) Does this conflict of interest provision continue to reach legislators even after they leave office?

(2) If so, is the disability removed by amendment of the particular statute by a later legislature which does not include the former legislator?

Appellant is the current duly elected tax collector for Brazoria County and is responsible for overseeing the collection of delinquent taxes by private attorneys that contract for employment with Brazoria County. The appellant sought a declaratory judgment to void the employment contract entered into between the appellee, Brazoria County and appellees Oliver Heard, Jr.; Thomas Goggan; Stephen S. Blair; Leslie H. Williams, Jr.; William O. Harrison, Jr.; and Heard, Goggan, Blair, Williams & Harrison, a partnership. In addition, the appellant sought an accounting for the funds paid to the appellee law firm by appellee Brazoria County pursuant to the employment contract. This employment contract is authorized by TEX.TAX CODE ANN. § 6.30(c). After overruling appellant's motion for summary judgment and holding a trial on the merits before the bench, the trial court entered a take nothing judgment against appellant on November 20, 1987. We reverse and render in part, and remand to the trial court for other proceedings consistent with this opinion.

TEX. CONST. art. III, § 18 states:

No Senator or Representative shall, during the term for which he was elected, be eligible to (1) any civil office of profit under this State which shall have been created, or the emoluments of which may have been increased, during such term, or (2) any office or place, the appointment to which may be made, in whole or in part, by either branch of the Legislature; provided, however, the fact that the term of office of Senators and Representatives does not end precisely on the last day of December but extends a few days into January of the succeeding year shall be considered as de minimis, and the ineligibility herein created shall terminate on the last day in December of the last full calendar year of the term for which he was elected. No member of either House shall vote for any other member for any office whatever, which may be filled by a vote of the Legislature, except in such cases as are in this Constitution provided, *nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he was elected.* (Emphasis added).

A possible rationale for the inclusion of the emphasized restrictions in this constitutional provision is advanced by the authors of the interpretive commentary of this section of the constitution. TEX. CONST. art. III § 18, interp. commentary (Vernon 1984) states that:

To prevent, in so far as possible, personal gain and personal profit by the members of the Legislature as a result of the office they hold, it is provided that no member shall be interested in a contract with the state or county when such has been authorized by a law passed during the term for which said members were elected. This provision was not present in earlier constitutions but was included in the constitution of 1876 due to no doubt the large amount of graft which

occurred during the reconstruction period following the Civil War.

The Texas Supreme Court has stated the standard we are to use in construing constitutional questions. *Director, etc. v. Printing Industries Ass'n.*, 600 S.W.2d 264, 267 (Tex.1980). The *Director* court reiterated the following construction principles: "The fundamental rule for the government of courts in the interpretation or construction of a Constitution is to give effect to the intent of the people who adopted it." 600 S.W.2d at 267, *quoting Cox v. Robison*, 105 Tex. 426, 150 S.W. 1149, 1151 (1912). The *Director* court continued: "In determining the intent of the framers, constitutional provisions, like statutes, are properly to be interpreted in the light of conditions existing at the time of their adoption, the general spirit of the times, and the prevailing sentiments of the people." 600 S.W.2d at 267 (citations omitted). *See also Washington v. Walker County*, 708 S.W.2d 493, 495 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd. n.r.e.). The Court of Civil Appeals addressed a similar question concerning the construction of article III, § 18 to a member of the legislature in *Lillard v. Freestone County*, 23 Tex.Civ.App. 363, 57 S.W. 338 (1900, no writ).

In *Lillard*, the court examined the legality of a printing contract between a legislator and Freestone County for the employment of that legislator to publish a delinquent tax list. The statute that permitted Lillard to publish the delinquent tax list had been passed during the 24th Legislature and amended by the 25th Legislature. Lillard had been a member of the 24th Legislature that enacted the statute, and he was a current member of the 25th Legislature when he contracted with Freestone County. The Court of Civil Appeals stated:

> By the terms of article III § 18, of the constitution of Texas, among other things, it is provided, "nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he shall have been elected." We think it apparent that the intention was to absolutely prohibit any

person from entering into a contract with the State or County authorized by statute passed by a legislature of which such person was a member ...

57 S.W. at 340 (citations omitted).

We give deference to this holding, since it was written close in time to the drafting of the constitutional provision in question. TEX. CONST. art. III, § 18 is intended to prevent personal gain or profit by members of the legislature as a result of the office that they hold. *Brown v. Strake*, 706 S.W.2d 148, 151 (Tex.App.—Houston [1st Dist.] 1986, no writ), *citing* TEX. CONST. art. III § 18, interp. commentary (Vernon 1984).

■ The facts in the instant case are very similar to those in *Lillard*. Appellee Harrison was a member of the 66th Legislature that adopted TEX.TAX CODE ANN. § 6.30(c). It stated:

> A taxing unit may contract with any competent attorney who is recommended by the collector for the unit to enforce the collection of delinquent taxes. The attorneys compensation is set in the contract, but the total amount of compensation provided may not exceed twenty percent of the amount of delinquent tax, penalty, and interest collected. However, commissioners court may not contract with an attorney unless the county or district attorney fails or declines to file suit to collect taxes within thirty days after receiving written instructions from the commissioners court to do so.

On or about February 2, 1987, the appellees entered into an employment contract for the collection of delinquent taxes to be performed by the appellee law firm. Appellee Harrison was no longer a member of the legislature on this date but was a partner in the law firm on the date the contract was entered into. We find that this employment contract, just as in *Lillard*, is prohibited and void because appellee Harrison was a member of the 66th Legislature, which passed the legislation permitting private law firms to collect delinquent taxes for the State or Counties.

Appellees contend that since appellee Harrison was not a sitting member of the legislature at the time appellees law firm entered into the contract with Brazoria County *Lillard* is distinguishable. We disagree. Even though Lillard was a sitting member of the 25th Legislature when he contracted with Freestone County, the *Lillard* court held that: "the contract was prohibited by reason of the appellant *having been a member of the 24th Legislature.*" 57 S.W. at 340 (emphasis added). Because of our interpretation of this language in *Lillard,* and in light of the previously stated standards of constitutional construction, we find that TEX. CONST. art. III, § 18 creates a bar to legislators becoming interested directly or indirectly in contracts based upon legislation passed while they were members of the legislature.

Appellees contend that since the three other clauses within TEX. CONST. art. III, § 18 relate to sitting members of the legislature, the provision in question in the instant case is also applicable only to sitting members. We disagree. The words used in this specific provision state:

> ... [n]or shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law *passed* during the term for which he *shall have been elected.* (emphasis added)

These emphasized words must be presumed to have been carefully selected by the framers of the constitution. *Leander I.S.D. v. Cedar Park Water Supply Corp.,* 479 S.W.2d 908, 912 (Tex.1972); *Cramer v. Sheppard,* 140 Tex. 271, 167 S.W.2d 147, 152 (1943). In addition, in construing the constitution, we are not authorized to thwart the will of the people by reading into the constitution language not contained therein, or by construing the constitution differently from its plain meaning. *Cramer,* 167 S.W.2d at 152. Courts should avoid a construction which renders *any* provision meaningless or inopposite. *Hanson v. Jordan,* 145 Tex. 320, 198 S.W.2d 262, 263 (1946) (emphasis added).

■ We now address the second question that is raised. Does amendment of the statute by the legislature, when the member in question is *not* sitting at the time of amendment, remove any disqualification of a former legislator under TEX. CONST. art. III § 18? We answer in the negative.

First, appellee cites the case of *American Surety Co. of New York v. Axtell Co.,* 120 Tex. 166, 36 S.W.2d 715, 719 (Tex. Comm'n App. 1931 opin. adopted) for the proposition that:

> ... an amended act is ordinarily to be construed as if the original statute had been repealed, and a new and independent act in the amended form had been adopted in its stead; or as frequently stated by the courts, so far as regards any action after the adoption of the amendment, as if the statute had been originally enacted in its amended form.... It will be presumed that the Legislature, in adopting the amendment, intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment. (citations omitted)

In the present case, TEX.TAX CODE ANN. § 6.30(c) was amended by the 67th Legislature in which appellee Harrison was not a member. The amended statute read:

> The governing body of a taxing unit may contract with any competent attorney to represent the unit to enforce the collection of delinquent taxes. The attorney's compensation is set in the contract, but the total amount of compensation provided may not exceed 20 percent of the amount of delinquent tax, penalty, and interest collected.

We find that the language in *American Surety Company of New York* applies only to *statutory* construction and not to *constitutional* construction. In addition, the facts in *Lillard* were similar to these facts. The court found the employment contract between Lillard and the county void because of "Lillard having been a member of the 24th Legislature" [the original legislature that passed the act]. 57 S.W. at 340. The *Lillard* court made no mention of the fact that the act was amend-

ed in the 25th Legislature and gave the impression that the original legislature that passed the act became the point in which the prohibitions stated in TEX. CONST. art. III, § 18 becomes applicable.

Furthermore, in reading both the 66th and 67th version of the TEX.TAX CODE ANN. § 6.30(c) we are of the opinion that there was not a material variance between the two statutes. Thus, we find that the original legislators who enacted the authorizing statute come under the prohibition placed in TEX. CONST. art. III § 18. Appellant's point of error number two is sustained.

■ Appellant's first point of error contends that the trial court erred in overruling his motion for summary judgment. It has long been established that the Court of Appeals cannot review a trial court's action in overruling a motion for summary judgment where the final judgment has been rendered after a trial on the merits. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex.1966); *Morrow–Thomas, Inc. v. Harris*, 466 S.W.2d 323, 324 (Tex.Civ.App. —Eastland 1971, no writ); *Dickerson v. Mack Financial Corp.*, 452 S.W.2d 552, 556 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd. n.r.e.); *see also, In interest of Renteria*, 624 S.W.2d 353, 354 (Tex. App.—Corpus Christi 1981, no writ). Appellant's first point of error is overruled.

■ Appellant's third point of error contends that the trial court erred in making supplement findings of fact and conclusions of law because the same were not timely requested. We disagree.

The record reflects that findings of fact and conclusions of law were filed by the trial court on December 23, 1987. Appellees' request for supplemental findings of fact and conclusions of law was filed on December 30, 1987. The trial court filed the supplemental findings of fact and conclusions of law on the same day that they were requested by the appellees. Even though appellees' request is outside the five day requirement of TEX.R.CIV.P. 298, the trial court still had plenary power to file supplemental findings of fact and conclusions of law. We hold that even though the appellee's request was untimely made,

the trial court's filing of supplemental findings of fact and conclusions of law was not error. *Morrison v. Morrison*, 713 S.W.2d 377, 380–81 (Tex.App.—Dallas 1986, writ dism'd).

■ Appellants' fourth point of error contends that no evidence was admitted during the trial of this cause to support the supplemental findings of fact and conclusions of law.

The findings under attack set out that the appellees agreed on the eve of this trial to amend their partnership agreement so as to eliminate payment to any partner in the event that such partner met the proscription set forth in article III, § 18 of the Texas Constitution. There is no evidence in the record that such amendment was in effect at the time of the execution of the contract in question.

Testimony from appellee Harrison indicates that he believed he would receive a percentage of the Brazoria County contract through the partnership agreement. The amendment to the law firm's partnership agreement was made immediately before the trial and was not in effect at the time the contract between the appellees was entered into. Thus, the contract is void from inception and an illegal contract cannot be ratified or saved by estoppel. *Peniche v. Aeromexico*, 580 S.W.2d 152, 157 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). This court will not speak to the effect, if any, this partnership amendment may have in other cases. However, in this case we find that this partnership amendment does not remove the disqualification provision stated in TEX. CONST. art. III, § 18. Thus, appellant's fourth point of error is sustained. The judgment of the trial court is reversed and rendered in part, and reversed and remanded for trial on the appellant's accounting claim and other proceedings in accordance with this opinion.