John DAMON, Oliver S. Heard, Jr., Thomas P. Goggan, Stephen S. Blair, Leslie H. Williams, Jr., William O. Harrison, Jr. & Heard, Goggan, Blair, Williams & Harrison, a Partnership, Petitioners,

v.

Ray CORNETT, Respondent.

No. C–8689.

Supreme Court of Texas.

Dec. 20, 1989.

James Kronzer, Houston, Michael M. Phillips, Angleton, Joe H. Reynolds, Houston, for petitioners.

Gary L. McConnell, Angleton, for respondent.

DOGGETT, Justice.

In this cause we consider the extent of the bar upon a legislator in contracting with the State or a county imposed by article III, section 18 of the Texas Constitution. The court of appeals ruled that this provision imposed a lifetime restriction. 768 S.W.2d 770, 773. For the reasons stated below, we reverse the judgment of the court of appeals and affirm that of the trial court.

The petitioners in this action, County Judge John Damon of Brazoria County, the law firm of Heard, Goggan, Blair, Williams & Harrison, and each of its named partners individually, seek to uphold the validity of a contract entered into by Brazoria County with the law firm. The controversy centers around petitioner William Harrison's service as a legislator in the 66th Legislature, which convened in January 1979. During his term the legislature codified various tax provisions into the Property Tax Code, pursuant to the statutory revision program managed by the Texas Legislative Council. See Tex.Gov't Code Ann. § 323.007 (Vernon 1988). As part of this process, Tex.Rev.Civ.Stat.Ann. art. 7335, originally enacted in 1923 to authorize counties to contract with private attorneys for collection of delinquent taxes, was codified along with Tex.Rev.Civ.Stat.Ann. art. 7335a, limiting the compensation payable under such contracts, into section 6.30 of the Property Tax Code. 1979 Tex.Gen. Laws 2217, 2231, ch. 841, § 1. The codified version added a requirement that the attorneys hired be recommended by the county tax collector. This addition was subsequently deleted by the 67th Legislature, of which Harrison was not a member. 1981 Tex.Gen. Laws 126, 1st Called Sess., ch. 13, § 1.

Several years after both the effective date of the Property Tax Code and the departure of Harrison from the legislature, his law firm entered into a contract with Brazoria County to collect the county's delinquent taxes. Respondent Cornett, the tax collector of Brazoria County charged with overseeing the process of delinquent tax collection, challenged this contract as void pursuant to article III, section 18 of the Texas Constitution because of Harrison's service in the 66th Legislature. The trial court disagreed, ruling against Cornett in his action for declaratory judgment and upholding the validity of the contract. The court of appeals reversed as to the validity of the contract but remanded for further consideration of Cornett's claim for an accounting.

This cause requires a close examination of article III, section 18 of the Texas Constitution, which provides:

No Senator or Representative shall, during the term for which he was elected, be eligible to (1) any civil office of profit under this State which shall have been created, or the emoluments of which may have been increased, during such term, or (2) any office or place, the appointment to which may be made, in whole or in part, by either branch of the Legislature; provided, however, the fact that the term of office of Senators and Representatives does not end precisely on the last day of December but extends a few days into January of the succeeding year shall be considered de minimis, and the ineligibility herein created shall terminate on the last day of December of the last full calendar year of the term for which he was elected. No member of either House shall vote for any other member for any office whatever, which may be filled by a vote of the Legislature, except in such cases as are in this Constitution provided, *nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he was elected.*

Tex. Const. art. III, § 18 (1876, amended 1968) (emphasis added). The first clause of this provision was modeled after article I,

section 6, cl. 2 of the United States Constitution and first appeared in the Texas Constitution of 1845. Tex. Const. art. III, § 18, interp. commentary (Vernon 1984). The last clause, which is at issue here and is sometimes referred to as the "contracts clause," was added during the Constitutional Convention of 1875.[1] There is no clear indication of what convinced the framers to include this clause but, evidently, widespread corruption following the Civil War prompted many constitutional delegates to be particularly mindful of possible legislative conflicts of interest. *See* Tex. Const. art. III, § 18, interp. commentary (Vernon 1984).

Recently, when confronted with the task of interpreting our constitution, we concluded that, "[b]ecause of the difficulties inherent in determining the intent of voters over a century ago, we rely heavily on the literal text." *Edgewood Indep. School Dist. v. Kirby*, 777 S.W.2d 391, 394 (Tex. 1989). Our assignment in the instant case, therefore, is to ascertain whether the plain meaning of article III, section 18 perpetually bars a member of the legislature from contracting with the state or its counties. The first clause of article III, section 18 specifically states that its prohibition affects a senator or representative only "during the term for which he was elected." Although the contracts clause incorporates this same durational phrase, that reference modifies the time of the enactment and not the length of the bar against contracting with the state or its counties. The contracts clause, however, is limited to "any *member* of the Legislature." For us to approve the conclusion reached by the court of appeals, we must read *member* to mean *former member*. We are not at liberty to make such an interpretation because the phrase "member of the legislature" is unambiguous, meaning a person who is currently serving in the legislature, not a former member. To interpret this phrase as being applicable to former members would be inconsistent with the plain meaning given similar language elsewhere in the constitution. Article XVI, section 40 of the Texas Constitution provides in part that "[N]o member of the legislature of this state may hold any other office or position of profit under this state, or the United States, except as a notary public if qualified by law." This provision was designed to prohibit dual officeholding. *See* 2 G. Braden, *The Constitution of the State of Texas: An Annotated and Comparative Analysis* 776–81 (1977). If the term "member," however, were interpreted to mean "former member" in this context, legislators would not just be barred from holding two offices at the same time, but would be eternally banned from holding any other state or federal office.[2]

This issue is truly one of first impression for our court. The court of appeals relied heavily on *Lillard v. Freestone County*, 57 S.W. 338 (Tex.Civ.App.—Waco 1900, no writ), the only reported Texas case that bears on this issue. *Lillard* is distinguishable on its facts from the instant case and, therefore, unpersuasive. Lillard entered into a contract which provided that he print the list of delinquent taxpayers for the county from which he was elected. Lillard served as a state representative for two sessions, one in which legislation authorizing the tax delinquency contract was enacted and a second in which that legislation was amended. Most significantly, the contract was executed while Lillard was a member of the legislature. Unlike Lillard, Harrison had completed his service as a legislator when his law firm entered into the contract with Brazoria County.

In construing article III, section 18, we bear in mind that the Texas Constitution "was ratified to function as an organic document to govern society and institutions as they evolve through time." *Edgewood*, 777 S.W.2d at 394. In this connection, we note that the Texas Legislature has embarked on a major review and revision of

---

1. *Journal of the Constitutional Convention of the State of Texas* 156 (Sept. 20, 1875).

2. To the extent that holding such offices could be considered a contract of employment, construing the contracts clause of article III, section 18 to encompass "former members" would also work to prohibit such employment.

**600**

our state's laws. *See* Tex.Gov't Code Ann. §§ 323.001 *et seq.* (Vernon 1988) (statutory revision program, requiring review and reorganization of all Texas statutes).[3] This effort necessitates the repeal, codification, revision and reenactment of literally hundreds of statutes in a single legislative bill. *See, e.g.,* S.B. 621, 1979 Tex.Gen. Laws 2217, ch. 841 (repealing approximately 600 statutory provisions and adopting new Property Tax Code in replacement); S.B. 797, 1985 Tex.Gen. Laws 3242, ch. 959 (replacing approximately 270 repealed statutes with the Civil Practice and Remedies Code). The interpretation urged by respondent Cornett would work a serious disincentive to this much-needed streamlining of our laws. The legislature would be hesitant to consider voluminous enactments if their passage would impose a lifetime bar to its members contracting with the state or its counties pursuant to the affected statutes. We find nothing to indicate this result was intended by the framers of article III, section 18 or the voters by whom that provision was ratified.

We acknowledge that the framers of article III, section 18 were attempting to prevent improper financial gain by members of the legislature. This court joins in that desire to ensure the highest standards of ethical conduct by public officials. We cannot agree with respondent, however, that the framers meant to place a lifetime "mark of Cain" on every citizen who is willing to benefit our state by serving in the legislature. While it is highly desirable to bar improper personal gain by former legislators, we believe that this concern can be more effectively addressed through appropriate legislation rather than an overbroad judicial interpretation of the constitution.[4]

3. Similarly, the Texas Sunset Act calls for the review and revision of state agency enabling statutes. Tex.Gov't Code Ann. §§ 325.001 *et seq.* (Vernon 1988).

4. The legislature has available to it several mechanisms better designed than a lifetime bar to prevent former legislators from privately benefiting from past public service. For example, the Public Utility Regulatory Act bars Public Utility Commissioners and commission employees from employment by a public utility for up

For the reasons stated above, we hold that the bar against contracting with the state or its counties contained in article III, section 18 of the Texas Constitution applies only to current and not to former members of the legislature. We thus hold that the contract between Brazoria County and the law firm of Heard, Goggan, Blair, Williams & Harrison, is not violative of the Texas Constitution. We reverse the judgment of the court of appeals and affirm that of the trial court.

to two years following termination of employment with the commission. Tex.Rev.Civ.Stat. Ann. art. 1446c § 6(i) (Vernon Supp.1989). Similar legislation could prescribe certain conduct of retiring legislators in their dealings with the state and its subdivisions. Another mechanism, now applicable only to current members, is to require financial disclosure to assist in identifying possible unethical behavior. *See* Tex.Rev.Civ.Stat.Ann. art. 6252–9b (Vernon Supp.1989).