# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 11, 2003

The Honorable Eddie Lucio, Jr.
Chair, Senate Committee on
  International Relations and Trade
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. GA-0087

Re: Whether a legislator may engage in a business providing consulting, marketing, and public relation services to business clients that have dealings with local and federal officials and local governmental bodies (RQ-0016-GA)

Dear Senator Lucio:

You ask whether a state legislator may provide advertising, consulting, marketing, and public relations services to business clients by communicating and dealing with local officials, federal officials, and local governmental bodies.[1]

In the request letter you state that you own two service companies, Rio Shelters, Inc. and Rio Consulting. *See* Request Letter, *supra* note 1. You provide advertising services through Rio Shelters, Inc., and "consulting, marketing, and public relations services" through Rio Consulting. *Id.* With respect to Rio Consulting, your services include "dealings and communications with local city and county officials, federal officials, as well as local units of government (e.g., county government)." *Id.* The services you provide do not involve communications or business dealings with state agencies. *See id.*

Your letter does not elaborate on the nature of your clients' businesses or your "dealings and communications" on their behalf with government officials or entities, and we cannot anticipate all the possible circumstances your employment might entail. Furthermore, whether a public servant's outside employment creates a conflict of interest frequently requires resolving fact questions, which is beyond the purview of the opinion process. *See* Tex. Att'y Gen. Op. Nos. GA-0003 (2003) at 1 n.2 (opinion process cannot resolve fact questions); JM-310 (1985) at 5 (whether clerk's employment as title company manager may constitute misconduct is a fact question that cannot be addressed in an opinion); H-688 (1975) (whether legislator's services for teacher association would violate conflict of interest statutes is largely a question of fact). Consequently, we address your question in general terms, considering constitutional and statutory provisions relevant to a legislator's

---

[1]*See* Letter from Honorable Eddie Lucio, Jr., Texas State Senator, to Honorable Greg Abbott, Texas Attorney General (Feb. 11, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

decision to undertake a particular employment. Should you have a specific concern, you may wish to consult with private counsel.

The Texas Constitution contains legislative conflict of interest provisions in article III, sections 18 and 22. Article III, section 18 provides in relevant part that "[no] member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he was elected." TEX. CONST. art. III, § 18. This constitutional proscription is intended to prevent a legislator from personally profiting as a result of holding office. *See Washington v. Walker County*, 708 S.W.2d 493, 495 (Tex. App.–Houston [1st Dist.] 1986, writ ref'd n.r.e.); *see also Damon v. Cornett*, 781 S.W.2d 597, 600 (Tex. 1989) (holding that this clause is intended to "prevent improper financial gain by members of the legislature"). Important considerations relevant to your question would include whether your services to a client involve a contract with the state or a county, whether you are directly or indirectly interested in the contract, and whether the contract was authorized by a law passed during your tenure in office. *See Damon*, 781 S.W.2d at 600; *Washington*, 708 S.W.2d at 495-46.

Article III, section 22 of the Texas Constitution provides:

> A member who has a personal or private interest in any measure or bill, proposed, or pending before the Legislature, shall disclose the fact to the House, of which he is a member, and shall not vote thereon.

TEX. CONST. art. III, § 22. The courts have not construed this provision. Commentators have suggested that this constitutional provision leaves to the individual legislator's judgment whether the legislator has a "personal or private interest" requiring disclosure and abstention. *See* TEX. CONST. art. III, § 22 interp. commentary (Vernon 1997); 1 GEORGE D. BRADEN *et al.*, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 141 (1977).

Chapter 572 of the Texas Government Code sets forth standards of conduct for public servants, including legislators. See TEX. GOV'T CODE ANN. § 572.002(4)(A), (12) (defining a "state officer" in chapter 572 to include elected officials, specifically, members of the legislature). Section 572.001 declares the state's policy and legislative intent:

> (a) It is the policy of this state that a state officer or state employee may not have a direct or indirect interest, including financial and other interests, or engage in a business transaction or professional activity, or incur any obligation of any nature that is in substantial conflict with the proper discharge of the officer's or employee's duties in the public interest.

*Id.* § 572.001 (Vernon 1994). Section 572.052 prohibits legislators from representing clients before state agencies in the executive branch of state government except as the statute provides. *Id.*

§ 572.052(a).[2] No comparable provision expressly prohibits a legislator from representing clients before governmental units other than state agencies. *See id.* § 572.002(10) (defining "state agency" as an entity in the executive branch of government whose authority is not limited to a geographic portion of the state); Op. Tex. Ethics Comm'n No. 155 (1993) (statutory predecessor of section 572.052 applies when legislator represents a person in a grievance proceeding before a public university, but not a public junior college).

Section 572.051 of the Government Code imposes certain additional limits on a state officer's outside employment:

> A state officer or employee should not:
>
> (1) accept or solicit any gift, favor, or service that might reasonably tend to influence the officer or employee in the discharge of official duties or that the officer or employee knows or should know is being offered with the intent to influence the officer's or employee's official conduct;
>
> (2) accept other employment or engage in a business or professional activity that the officer or employee might reasonably expect would require or induce the officer or employee to disclose confidential information acquired by reason of the official position;
>
> (3) accept other employment or compensation that could reasonably be expected to impair the officer's or employee's independence of judgment in the performance of the officer's or employee's official duties;
>
> (4) make personal investments that could reasonably be expected to create a substantial conflict between the officer's or employee's private interest and the public interest; or
>
> (5) intentionally or knowingly solicit, accept, or agree to accept any benefit for having exercised the officer's or employee's official powers or performed the officer's or employee's official duties in favor of another.

*Id.* § 572.051. Moreover, section 572.053(a) provides that a legislator may not vote on a measure or bill that directly benefits a specific business transaction of a business entity in which the legislator has a controlling interest unless the bill or measure will affect an entire class of business entities. *Id.* § 572.053(a).

---

[2]House Bill 1606, enacted by the 78th Legislature, amends section 572.052 by eliminating the primary statutory basis for legislators to represent clients before state agencies. *See* Tex. H.B. 1606, § 5.07, 78th Leg., R.S. (2003). The amendment to section 572.052 would apply to a legislator hired by a client on or after September 1, 2003. *Id.* § 5.10.

None of these proscriptions in chapter 572, per se, would prohibit a legislator from communicating to or dealing with a local or federal unit of government on a client's behalf. *See* Op. Tex. Ethics Comm'n Nos. 205 (1994) (concerning legislator's conversations or negotiations for future employment by local government); 178 (1993) (concerning legislator's representation of client before metropolitan transit authority); 155 (1993) (concerning legislator's representation of client before junior college proceedings).[3] Whether chapter 572 precludes a legislator's employment for a particular purpose depends on the facts of the particular case. *See* Tex. Att'y Gen. Op. Nos. H-1309 (1978) (while public officers and employees are not absolutely barred from working for nonprofit organization, the facts of a particular case may prohibit such employment), H-1304 (1978) (whether a contract with a federal authority violates state ethical rules is a question of fact).

Finally, a legislator should be aware of the provisions in chapter 36 of the Penal Code that might bear on the legislator's employment. Under section 36.08(f), a legislator may not solicit or accept any benefit unless it falls within one of the exceptions recognized by the code. TEX. PEN. CODE ANN. § 36.08(a)(1) (Vernon 2003). The primary exception for outside employment is section 36.10(a)(1), which allows a legislator to accept fair compensation for work performed in a capacity other than as a public servant. *Id.* § 36.10(a)(1). The section's exception for work performed in a nonpublic capacity "means that it must be the services rendered and not the status of the public servant rendering the services that is of value to the person for whom the services are performed." Op. Tex. Ethics Comm'n No. 416 (1999); *see also* TEX. PEN. CODE ANN. § 36.07 (Vernon 2003) (honorarium prohibition). Moreover, a legislator may not solicit or accept "any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter." TEX. PEN. CODE ANN. § 36.02(a) (Vernon 2003); *see Cox v. State*, 316 S.W.2d 891, 893 (Tex. Crim. App. 1958). Whether a public servant's outside employment implicates the conflict of interest provisions of the Penal Code is generally a fact-intensive inquiry. *Compare* Op. Tex. Ethics Comm'n Nos. 374 (1997) (while penal code does not necessarily prohibit legislator from contracting with local housing authorities, it may prohibit specific contracts), 358 (1993) (whether legislator may provide election support services depends on the particular facts), *with* 123 (1993) (legislator may not accept payment from a city for lobbying the state legislature).

---

[3]The Texas Ethics Commission has jurisdiction to prepare a written opinion about the application of chapter 572 and other pertinent provisions "in regard to a specified existing or hypothetical factual situation." TEX. GOV'T CODE ANN. § 571.091(a) (Vernon Supp. 2003).

## S U M M A R Y

Constitutional and statutory standards of conduct for public officials do not categorically prohibit a state legislator from representing a client's interests before local and federal officials, and local governmental bodies.  Whether a particular transaction or communication would violate constitutional or statutory standards of conduct depends on the specific facts of the case.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee